IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:11CV63-03-V
(5:08CR51)

| | |
|---|---|
| MARKUS DEWAYNE PARHAM, )<br>)<br>Petitioner, )<br>)<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **MEMORANDUM AND<br>ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. §2255 (Doc. No. 1), and Petitioner's Motion for Counsel and for Discovery, filed May 2, 2011. (Contained within Doc. No. 1-1). No response is necessary from the Government.

## I. MOTIONS

### A.  Motion for Counsel

Petitioner asks that the Court appoint counsel to represent him in connection with the instant Motion to Vacate. (Doc. No. 1-1 at 1). There is no constitutional right to counsel in habeas proceedings. Crowe v. United States, 175 F.2d 799, 801 (4th Cir.), cert denied, 338 U.S. 950 (1950) ("the requirement of the Constitution is that the prisoner have counsel upon his trial, not when he subsequently makes a motion attacking the judgment there entered"). Further, Petitioner is adequately representing himself. Therefore, Petitioner's Motion for Appointment of

1

Counsel is denied.

B. **Motion for Discovery**

In his motion for discovery, Petitioner seeks copies of: (1) suppression hearing transcripts including video of the traffic stop; and (2) the transcript of sentencing hearing. (Doc. No. 1-1 at 1-2).

Generally, habeas petitioners have no right to automatic discovery. Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001). Pursuant to Habeas Rule 6(a) a prisoner must seek leave of court and demonstrate good cause before he is entitled to any form of discovery in a federal habeas corpus proceeding. Rules Governing § 2255 Proceedings, Rule 6, 28 U.S.C.A. foll. 2255. Discovery is extremely limited in such proceedings. See Bracy v. Gramley, 520 U.S. 899 (1997). Rule 6 allows discovery in a habeas proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Id. at 908-90. The burden of demonstrating the materiality of the information is on the moving party, Stanford, 266 F.3d at 460, and Rule 6 does not "sanction fishing expeditions based on conclusory allegations. Williams v. Bagley, 380 F.3d 932 (6th Cir. 2004).

Here, while Petitioner includes a claim regarding the Court's error in ruling on his motion to suppress, such claim is waived by the plea agreement and procedurally defaulted in that Petitioner did not raise the claim on direct appeal. Therefore, Petitioner has not established specific allegations demonstrating an entitlement to relief. With respect to his request for a copy of his sentencing transcript, Petitioner has not included a claim in his Motion to Vacate challenging an issue at sentencing. Therefore, Petitioner has not satisfied the high standard set

forth in Rule 6 for the discovery he is requesting and his motion for discovery is denied.

## II. STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S. C. §2255. However,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, 28 U.S.C.A. foll. § 2255. The Court, having reviewed the record of proceedings below, enters summary dismissal for the reasons stated herein.

## III. PROCEDURAL HISTORY

On October 29, 2008, Petitioner and his co-defendant were charged in a three-count Bill of Indictment with conspiracy to distribute and to possess with intent to distribute cocaine and crack cocaine; possession with the intent to distribute cocaine and crack cocaine; and possession of a firearm in furtherance of a drug trafficking crime. (Crim. Case 5:08cr51, Doc. No. 1). On February 19, 2009, Petitioner and his co-defendant were charged in a five-count Superseding Bill of Indictment which, in addition to the above counts, charged them each with being a felon in possession of a weapon. (Id., Doc. No. 21). On April 22, 2009, Petitioner filed a motion to suppress evidence and statements obtained as a result of a search conducted on September 30, 2008 by Statesville police officers. (Id., Doc. No. 30). On August 3, 2009, the Court held an evidentiary hearing on Petitioner's motion to suppress. The Court denied the motion to suppress

3

concluding that the Statesville Police Officers had probable cause to seize the rental car because they observed the driver speeding and following too closely. The Court also concluded that neither the driver nor the passenger had a reasonable expectation of privacy in the car. (Id., Doc. No. 51: Transcript of Suppression Hearing at 239-240). The Court set the case for trial to begin on September 22, 2009. Petitioner filed a plea agreement on September 22, 2009 in which he agreed to plead guilty to Counts One, Three and Five of the Superseding Bill of Indictment. (Id., Doc. No. 54). Petitioner appeared with counsel before the undersigned for a Plea and Rule 11 hearing. At that hearing, the undersigned placed Petitioner under oath and then engaged him in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. (Id., Doc. No. 85: Transcript of Plea and Rule 11 hearing). The undersigned specifically asked Petitioner if he had reviewed his indictment and if he understood the charges and its corresponding penalties. Under oath, Petitioner stated that he had reviewed the charges with counsel and understood them. (Id. at 5). The Court explained the essential elements of each count and the corresponding maximum penalties Petitioner was facing. (Id., at 7-13). The undersigned asked Petitioner if he understood that by pleading guilty he would be waiving his right to trial by jury and all rights attendant thereto. (Id. at 17-18). The Court also confirmed that Petitioner understood the waiver provision of his Plea Agreement. (Id. at 22-24). Under oath, Petitioner stated that he understood and accepted those limitations and wanted to plead guilty. (Id. at 23-26.)

In response to additional questioning by the Court, Petitioner stated, under oath, that he had taken ample time to discuss possible defenses with his attorney and had told counsel everything he wanted him to know about his case; that he understood that if he received a

4

sentence which was more severe that he expected or longer than any estimate given, he would still be bound by his guilty plea; that his guilty plea was voluntarily made and was not the result of coercion, threats or promises; that he was, in fact, guilty of the subject charge; and that he was entirely satisfied with the services of his attorney. (Id. at 16, 25-26.) After hearing Petitioner's answers to each of its questions, the undersigned found that his guilty plea was knowingly and voluntarily entered and made and that he understood the charges, penalties and consequences of the plea. Accordingly, the Court accepted Petitioner's plea. (Id. at 27.)

On September 7, 2010, Petitioner appeared before the undersigned for sentencing hearing and the Court sentenced Petitioner to 240 months on each of Counts One and Five to run concurrently and a 60 month consecutive sentence on Count Three for a total of 300 months. (Crim. Case 5:08cr51, Doc. No. 70: Judgment).

Petitioner did not appeal his conviction or sentence. Instead, on May 2, 2011, Petitioner filed the instant Motion to Vacate alleging that his counsel was ineffective and that the Statesville police conducted an illegal search and the Court erred by not suppressing the fruit of the illegal search. (Doc. No. 1).

## IV. DISCUSSION

### A. Ineffective Assistance of Counsel

Petitioner first argues that his counsel was ineffective. In support of this claim, Petitioner contends that his counsel did not sufficiently "investigate or utilize key contacts concerning the car rental agreement between Ms. beavers (sic) and Movant's Co-Defendant's in order to effectively and factually establish Movant and his Co-Defendant's 'expectation of privacy.'" (Doc. No. 1-1 at 2). Petitioner also argues that his counsel failed to establish, during the

5

suppression hearing, that the police never called Ms. Beavers or the rental car agency. (Id.). Petitioner also contends that his counsel "rushed [him] through pre-trial and pre-sentencing and suggested that [Petitioner] file an In Effective (sic) Assistance of Counsel Claim which defies Counsel obligation under Strickland v. Washington to '. . . eliminate the distorting effect of hindsight . .'" (Id.).

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). To establish Strickland prejudice, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. See, Hill v. Lockhart, 474 U.S. at 53-59; Fields, supra at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit described a petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

6

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [Strickland] test is slightly modified. [The petitioner] "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Hooper, supra at 475 (quoting Hill, supra at 59); accord Fields, supra at 1297. If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

First, Petitioner contends that his counsel was ineffective during the suppression hearing because his counsel did not sufficiently investigate or bring out the relationship between Ms. Brathwaite[1] and Petitioner's co-defendant to establish his and his co-defendant's expectation of privacy in the vehicle and because counsel failed to establish, during the suppression hearing, that the police officers did not call the rental car company or Ms. Brathwaite.

A review of the transcript of the suppression hearing reveals that Petitioner's co-defendant handed Officer York the rental car agreement during the traffic stop. (Crim. Case 5:08cr51, Doc. No. 51: Transcript of Suppression hearing at 66). Officer York noticed that Petitioner's co-defendant was not the person who rented the vehicle, instead Ms. Latonya Brathwaite rented the vehicle. (Id. at 69). Officer York also noticed that the vehicle was not supposed to leave the State of Georgia and that there was no additional driver listed on the rental agreement. (Id. at 69). On cross examination, Petitioner's counsel established that Officer York did not ask Petitioner's co-defendant any questions about Ms. Brathwaite or whether he had permission to drive the vehicle. (Id. at 91, 96). Mr. Tate, Petitioner's co-defendant's counsel,

---

[1] Petitioner refers to the witness as "Beavers," however the record establishes that her last name is Brathwaite.

7

established on cross examination of Officer York that he did not contact the rental car company to determine if Petitioner's co-defendant had permission to drive the vehicle. (Id. at 106). Mr. Tate also established during cross-examination of Officer Wolfe that he did not contact the rental car company. (Id. at 146). Petitioner's co-defendant testified during the hearing that Ms. Brathwaite rented the car for him because he did not have a credit card. (Id. at 165). The Court allowed Ms. Brathwaite's affidavit to be admitted which stated that she rented the car for Petitioner's co-defendant and she gave him the keys and her permission to drive the car. (Id. at 233).

The record of the suppression hearing makes clear that the evidence Petitioner claims his counsel did not establish, ie., the relationship between his co-defendant and Ms. Brathwaite and that the officers did not contact the rental car agency or Ms. Brathwaite to determine if Petitioner's co-defendant had permission to drive the vehicle, was sufficiently established during the hearing. Therefore, Petitioner cannot establish deficiency or prejudice.[2]

Next, Petitioner contends that his counsel "coerced" him into pleading guilty and "rushed" him into a plea agreement by expressing concerns about his other legal obligations which conflicted with his performance and indicated a lack of interest in Petitioner's case. (Doc. No. 1-1 at 2).

---

[2] Furthermore, Petitioner's ineffective assistance of counsel claim regarding the suppression hearing is barred by Tollett v. Henderson, 411 U.S. 258 (1973). In that case, the Supreme Court explained that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." Id. at 267. As a result, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. Here, the suppression motion and hearing occurred prior to Petitioner's knowing and voluntary guilty plea.

To the extent that Petitioner is arguing that his counsel was ineffective for coercing him to plead guilty, such claim fails. The record of Petitioner's Plea and Rule 11 hearing belies Petitioner's allegation that his counsel pressured him into pleading guilty. Indeed, the undersigned specifically inquired of Petitioner whether "anyone connected with the federal or state government such as an agent of the Federal Bureau of Investigation, the State Bureau of Investigation, the United States Attorney or any of his assistants, the United States marshal or any of his deputies, or any other official in any manner threatened [him] or anyone [he] know[s] or forced [him] in any way to cause [him] to plead guilty?" (Crim. Case 5:08cr51, Doc. No. 85: Transcript of Plea and Rule 11 hearing at 25). Petitioner responded, "[n]o." The undersigned then asked Petitioner whether "anyone at all threatened or intimidated [him] or anyone [he] know in any way to cause [him] to enter [his] plea of guilty?" Again, Petitioner responded, "[n]o." (Id.). The Court then asked Petitioner whether "anyone made [him] any promise or assurance in an effort to cause [him] to plead guilty?" Petitioner, once again, responded "[n]o." (Id.). After a series of questions, the Court asked Petitioner "[a]re you telling the court that your mind is clear and you believe you know what you are doing?" Petitioner responded in the affirmative. (Id. at 26). The Court asked Petitioner whether he had any lingering questions or comments to make about anything involved in the case and Petitioner responded that he did not. (Id.). Finally, the Court asked Petitioner whether he had any hesitation about going forward with his guilty plea and Petitioner again responded that he did not. (Id. at 26-27).

A review of Plea and Rule 11 transcript establishes that the statements which Petitioner made to the Court stand in stark conflict with his belated, self-serving allegation that counsel "coerced" him into pleading guilty. Further, Petitioner is bound by the statements he made at the

9

Plea and Rule 11 hearing and those statements cannot be set aside merely on the basis of his post-judgment assertions to the contrary. Rather, Petitioner's statements "constitute a formidable barrier" to this post-judgment attack. Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621 (1977); accord United States v. Lemaster, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming summary dismissal of §2255 motion, including ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing). In sum, the Court finds that Petitioner has failed to satisfy either prong of the Strickland test and, therefore, his claim of ineffective assistance of counsel must fail.

To the extent that Petitioner is attempting to challenge the voluntariness of his plea, such claim is procedurally barred as Petitioner did not raise this claim on appeal. Generally, claims that could have been, but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604 (1998). It is well settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. See United States v. Addonizio, 442 U.S. 178, 184-86, 99 S.Ct. 2235 (1979). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[3] See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584 (1982)).

Cause means some impediment. United States v. Smith, 241 F.3d 546, 548 (7th Cir.

---

[3] Petitioner makes no claim of actual innocence.

2001). The existence of cause for procedural default must turn on something external to the defense. Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986). In order to establish "actual prejudice" the defendant must show "not merely that the errors at his trial create[d] a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. 167-68 (1982). In this case, Petitioner has not met his burden in establishing cause for failing to raise this claim on direct appeal. Therefore, Petitioner's claim regarding the voluntariness of his plea is procedurally barred.[4]

### B. Petitioner's Claims Regarding the search and the suppression hearing are waived and barred

Petitioner argues that the search conducted by the Statesville Police Officers was an illegal search and that this Court erred by not suppressing the fruit of the illegal search.

First, pursuant to his Plea Agreement, Petitioner waived his right to challenge his sentence or conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct. (Criminal Case No. 5:08cr51, Doc. No. 54 at ¶ 16.] At his Plea and Rule 11 hearing, Petitioner swore under oath that he understood these waivers. This Court found Petitioner's plea to be knowing and voluntary. (Id., Doc. No. 85: Transcript of Plea and Rule 11 hearing at 27). The Fourth Circuit has upheld knowing and voluntary waivers to contest

---

[4] Even if this claim were not barred, it is belied by the record which establishes that the Court reviewed the elements and penalties of each count of the Indictment with Petitioner. The Court then thoroughly questioned Petitioner regarding his understanding of the rights he was waiving by pleading guilty, including his right to go to trial and all the rights attendant thereto. The Court concluded that Petitioner was fully competent and capable of making an informed plea and accepted Petitioner's plea. (Crim. Case 5:08cr51, Doc. No. 85: Transcript of Plea and Rule 11 hearing at 27).

convictions or sentences in § 2255 motions.  United States v. Lemaster, 403 F.3d 216, 220-21 (4th Cir. 2005).  Petitioner's claims regarding the search and this Court's ruling on his motion to suppress do not fall within the scope of the exceptions to the post-conviction waiver provision, and he has not alleged any defect in his waiver.  Consequently, the Court finds that the plea agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to Petitioner's attempts to challenge his sentence on the claims alleged.

To the extent Petitioner's claims were not waived pursuant to his plea agreement, his claims are barred because he did not raise these claims on direct appeal, Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604 (1998), and he has not established cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[5]  See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584 (1982)).

## V. CONCLUSION

---

[5]  To the extent that Petitioner attempts to use ineffective assistance of counsel to excuse his procedural default, such claim fails.  Indeed, when using ineffective assistance to excuse procedural default of another independent claim, counsel must have been so wholly deficient as to violate Petitioner's Sixth Amendment right.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citing Murray v. Carrier, 477 U.S. 478, 488-89 (1986), abrogated on other grounds by Sawyer v. Whitley, 505 U.S. 333 (1992)).  Thus, Petitioner must show that by failing to challenge these issues, counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation.  Strickland v. Washington, 466 U.S. 668 (1984).  The Supreme Court has explained that while ineffective assistance of counsel may establish cause for a procedural default, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."  Murray, 477 U.S. at 486.  Petitioner's blanket conclusory assertion as to his procedurally defaulted claims that such claims were not raised on appeal due to the ineffectiveness of counsel falls short of establishing "cause" for his procedural default. Petitioner has not met his burden in establishing cause for failing to raise these claims on direct appeal.

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence plainly shows that Petitioner is not entitled to relief on any of the claims contained in his Motion to Vacate.

## VI. ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant 28 U.S.C. §2255 is hereby **DENIED** and is dismissed;

(2) Petitioner's Motion for Discovery is dismissed as moot;

(3) Petitioner's Motion for Counsel is DENIED;

(4) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED**.

Signed: May 19, 2011

Richard L. Voorhees
United States District Judge