IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:08-CR-00051-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| MARCUS DWAYNE PARHAM, | |
| Defendant. | |

**THIS MATTER** is before the Court upon Defendant Marcus Dwayne Parham's Supplement to Pro Se Motion for Reduced Sentence under the First Step Act of 2018. (Doc. No. 149). Parham requests the Court impose a reduced aggregate sentence of 240 months and a reduced supervised release term of 8 years. Having carefully reviewed the motion, the parties' briefs, and all relevant portions of the record, the Court will grant in part and deny in part Parham's request to reduce his sentence. Exercising its discretion, the Court will reduce Parham's sentence to 270 months and his supervised release term to 8 years under Section 404(b) of the First Step Act.

## I. BACKGROUND

In September of 2008, Parham was the passenger in a car driven by his co-defendant, Martel Mubdi, when the police pulled the car over for speeding and following too close. (Doc. No. 61 ¶ 6). A drug dog alerted to the car and officers conducted a search of the vehicle. *Id.* ¶ 7. During the search, officers found 290.5 grams of crack cocaine and approximately 42 grams of powder cocaine in the center console. *Id.* Officers also located a loaded Glock .40 caliber pistol under the driver's seat and a loaded Smith and Wesson 9mm under the passenger seat. *Id.* Mubdi and Parham

1

were subsequently arrested and searched. During that search, officers located another 30 grams of powder cocaine on Mubdi and another 28 grams of powder cocaine on Parham. *Id.*

A federal grand jury indicted Parham and Mubdi and charged them with conspiring to possess with intent to distribute powder cocaine and at least 50 grams of crack cocaine, 21 U.S.C. § 846; possessing with intent to distribute at least 50 grams of crack cocaine, 21 U.S.C. § 841; possessing a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1); and possessing a firearm as a convicted felon, 21 U.S.C. § 922(g)(1). (Doc. No. 21). The United States filed an information under 21 U.S.C. § 851, notifying Parham and this Court that it intended to seek an enhanced penalty based on Parham's prior conviction for a felony drug offense. (Doc. No. 19).

In September 2009, Parham pleaded guilty to the drug-trafficking conspiracy offense and both firearm offenses. (Doc. No. 54). The parties stipulated that at least 150 and less than 500 grams of crack cocaine were reasonably foreseeable to Parham. *Id.* ¶ 7(a).

The United States Probation Office submitted a presentence report (PSR) that calculated a base offense level of 32 based on Parham's responsibility for 290 grams of crack cocaine and 101 grams of powder cocaine. (Doc. No. 61 ¶ 16). Based on Parham's prior drug-trafficking convictions, the probation officer classified Parham as a career offender and as an armed career criminal (ACCA), resulting in an adjusted offense level of 37.[1] *Id.* ¶¶ 30, 31. After calculating in an adjustment for acceptance of responsibility, Parham's total offense level became a 34. *Id.* ¶ 33. Based on a total offense level of 34 and a criminal-history category of VI, the resulting guidelines range was between 322 and 387 months. *Id.* ¶¶ 37, 70. Parham faced a statutory mandatory-minimum of 240 months in prison for the Section 846 offense, a mandatory-minimum term of 180 months for the

---

[1] Both the career offender and ACCA enhancements carried an offense level of 37.

felon-in-possession offense, and a consecutive term of 60 months in prison for the Section 924(c) firearm offense. *Id.* ¶ 69.

At sentencing, the Court varied downward and imposed a term of 240 months in prison for the drug-trafficking and felon-in-possession offenses and a consecutive term of 60 months in prison for the Section 924(c) firearm offense, resulting in a total aggregate term of 300 months. (Doc. No. 70). The Court explained that it had considered the sentencing disparity between powder and crack cocaine offenses, Parham's early guilty plea and willingness to testify, and the fact that one of his most serious prior convictions occurred when he was young and had no parental guidance. (Doc. No. 71, at 4). The Court also noted that the Government could have filed a Section 851 information identifying more than one predicate conviction, which would have mandated a life sentence. *Id.*

Parham now moves this Court to reduce his sentence to an aggregate term of 240 months under Section 404 of the First Step Act. The Government opposes the motion.

## II. LEGAL STANDARD

Finality is an important attribute of criminal judgments and one "essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion). Accordingly, a sentence of imprisonment is final and may not be modified once it has been imposed except in narrow circumstances. 18 U.S.C. § 3582(c). Sentence modifications under Section 3582(c) constitute narrow exceptions to the general rule of finality of sentences. Motions under Section 404 of the First Step Act seek to modify a defendant's existing sentence, and, as such, they fall under the purview of 18 U.S.C. § 3582(c)(1)(B).

As relevant here, the First Step Act makes retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act "reduces the statutory penalties for cocaine base offenses" to "alleviate the severe sentencing disparity between

3

crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Section 2 of the Fair Sentencing Act modified the drug quantities required to trigger mandatory minimum sentences for cocaine base (often referred to as crack cocaine) trafficking offenses; it increased the amount required to trigger the five-year mandatory minimum from 5 grams to 28 grams and increased the amount required to trigger the ten-year mandatory minimum from 50 grams to 280 grams. *See United States v. Wirsing*, 943 F.3d 175, 179 (4th Cir. 2019) (citing Fair Sentencing Act, § 2, 124 Stat. at 2372). Section 3 eliminated the five-year mandatory minimum for simple possession of crack cocaine. *Id.* (citing Fair Sentencing Act, § 3, 124 Stat. at 2372).

The relevant provisions of the First Step Act apply to "a covered offense," which means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. The First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404, 132 Stat. at 5222. "Even if a defendant is eligible for a sentence reduction, however, the decision whether to grant a reduction is entrusted to the district court's discretion." *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020) (citing § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")). "When imposing a new sentence" under the First Step Act, "a court does not simply adjust the statutory minimum; it also must recalculate the Guidelines range," *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020) (internal quotation marks omitted), and "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing," *id.* at 668. Moreover, "the [18 U.S.C.] § 3553(a) sentencing factors apply in the § 404(b) resentencing context," and a court "may consider post-

4

sentencing conduct" in determining whether to exercise its discretion to reduce a sentence. *Id.* at 674.

### III. DISCUSSION

When a defendant seeks a reduced sentence under Section 404 of the First Step Act, this Court's review proceeds in two steps. First, the Court must determine whether the defendant was sentenced for a "covered offense" as defined by the Act, and is, therefore, eligible for a sentence reduction. Here, the parties agree that Defendant is eligible for a reduction. *See United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019).

Second, even if a defendant is eligible, the Court exercises its discretion in determining whether, and to what extent, to impose a reduced sentence. In doing so, the Court considers the Section 3553(a) factors, including recalculating the guidelines range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation. *See Chambers*, 956 F.3d at 672; *United States v. Martin*, 916 F.3d 389 (4th Cir. 2019). District courts have broad discretion in deciding whether to grant a sentence reduction under Section 404 of the First Step Act. *See Jackson*, 952 F.3d at 495.

The parties spend much of their time arguing over whether the Fourth Circuit's recent decision in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), is retroactive. In *Norman*, the Fourth Circuit held that Section 846 offenses do not qualify as a generic conspiracy under the career offender guidelines of Section 4B1.2(b). If retroactive, this Court would be required to apply *Norman* and recalculate Parham's guidelines range without the career offender enhancement. *See United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020). Parham argues that *Norman* is retroactive, and thus he no longer qualifies as a career offender and his now-applicable guidelines

5

range drops from 322 to 387 months to 240 to 270 months of imprisonment.[2] (Doc. No. 150, at 3). The Government argues that *Norman* is not retroactive and therefore Parham's now-applicable guidelines range remains 322 to 387 months, the same as it was at his sentencing in 2009. The Court recognizes *Norman* and the implications it would have on Parham's sentence if he were sentenced today, but it need not decide whether it applies retroactively.

As for the Section 3553(a) factors, Parham asserts that even if this Court does not adopt his argument that it must correct the *Norman* error in calculating the now-applicable guidelines range, the Section 3553(a) factors independently support a time served sentence. This is for two reasons: "(1) to avoid the disparity created by the original error in applying the career-offender enhancement; and (2) to reward Parham for his post-sentencing rehabilitation." (Doc. No. 149, at 14).

Parham cites to numerous cases in which district courts have granted a sentence reduction under the Section 3553(a) factors in light of the disparity created by a "career-offender error" that occurred at the original sentencing. (Doc. No. 149, at 15-17). "As these cases show," Parham argues, "a reduced sentence of time served is necessary 'to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Id.* at 17 (quoting 18 U.S.C. § 3553(a)(6)). Parham contends that leaving his current sentence in place would create at least two kinds of disparity: (1) a disparity between Parham and crack-cocaine offenders

---

[2] The Supplemental PSR notes that because of Parham's ACCA enhancement, his "total offense level 30 coupled with a criminal history category VI would result in a guideline imprisonment range of 168 to 210 months. However, because the minimum sentence of imprisonment is greater than the minimum of the guideline range, the guidelines term of imprisonment shall be 180 to 210 months (U.S.S.G. § 5G1.1(c)(2)), plus 60 months for a total of 240 to 270 months." (Doc. No. 150, at 3). Parham originally calculated the guidelines range as 228 to 270 months, (Doc. No. 149, at 14), but has accepted the Probation Office's calculation of 240 to 270 months in his Reply (Doc. No. 153, at 4-5 n.1).

6

who were originally sentenced based on drug weight (rather than a "now erroneous career offender enhancement"); and (2) a disparity between Parham and other crack-cocaine offenders who were previously sentenced as career offenders but who have received reductions under the First Step Act. *Id.*

In addition to the need to avoid unwarranted sentence disparities, Parham argues that evidence of his post-sentencing rehabilitation warrants a reduction. Parham has received a number of serious disciplinary infractions while in the BOP, but he argues that these infractions are outweighed by his completion of over 40 educational programs and work assignments and his strong family support.

The Government, on the other hand, argues that the Section 3553(a) factors counsel against a reduction in Parham's sentence. Parham's history and characteristics include 13 drug-trafficking offenses in addition to other drug offenses (Doc. No. 61 ¶¶ 41, 43-44, 46-47), a parole violation only months after he was released on parole (*Id.* ¶ 44), and short spans of time in between criminal conduct (*Id.* ¶¶ 40-47). Parham ultimately accrued 13 criminal history points, which places him in the highest criminal history category of VI even without the career-offender designation. *Id.* ¶ 51. The Government also argues that, "[b]ecause of Parham's quick and serious recidivism, the need to protect the public from further offenses committed by Parham and the need to deter Parham and others from similar criminal misconduct weigh against a sentence reduction." (Doc. No. 151, at 7).

The Government does not agree that a failure to reduce Parham's sentence would result in unwarranted sentencing disparities among similarly situated defendants. It maintains that he was properly classified as a career offender at the time he was sentenced, and that his "volume of prior drug offenses distinguishes him from the average defendant convicted of a drug-trafficking offense

7

whose guideline range is governed by the drug-trafficking guidelines, U.S.S.G. § 2D1.1." (Doc. No. 151, at 8). Furthermore, the Government contends that if Parham's sentence is reduced, he would receive a benefit that similarly situated defendants sentenced after the effective date of the Fair Sentencing Act and before *Norman* did not receive. Accordingly, the Government urges the Court to leave Parham's 300-month sentence as is.

As for any post-sentencing rehabilitation, the Government does not agree that Parham's post-sentencing conduct weighs in favor of a reduction. Parham received six disciplinary citations, including four citations since 2017 and one citation less than a year ago for use of drugs and alcohol. (Doc. No. 150, at 3). Two of these citations were for stealing and assaulting without serious injury; citations for serious misconduct that demonstrate Parham has not performed as well in BOP as his motion would suggest.

The Court agrees that the balancing of the Section 3553(a) factors does not warrant a reduction, with one exception. The need to avoid unwarranted sentencing disparities among similarly situated defendants counsels in favor of a reduced sentence. There is no dispute that if Parham were sentenced today his guidelines range would be a total of 240 to 270 months. However, Parham's post-sentencing conduct militates against a sentence at the low end of the guidelines range. While a sentence at the low-end or below the guidelines range may have been appropriate when the guidelines range was much higher, the Section 3553(a) factors do not warrant a sentence at the low end of the guidelines range now. Thus, the Court will exercise its discretion under Section 404 of the First Step Act and reduce Parham's sentence to 270 months.

The Government consents to Parham's request to reduce his supervised release term to 8 years due to the reduction in the statutory range applicable to Parham's drug-trafficking offense and

8

Case 5:08-cr-00051-KDB-DCK    Document 154    Filed 01/15/21    Page 8 of 9

upon balance of the Section 3553(a) factors. Accordingly, the Court will reduce Parham's term of supervised release from 10 to 8 years.

### IV. ORDER

**IT IS THEREFORE ORDERED** that Parham's Supplement to Pro Se Motion for Reduced Sentence under the First Step Act of 2018, (Doc. No. 149), is **GRANTED IN PART**. The Court hereby orders that Parham's term of imprisonment and commitment to custodial authorities is reduced to an aggregate sentence of **270 MONTHS.**

**IT IS FURTHER ORDERED** that Parham, upon release from imprisonment, shall be placed on a supervised release term of 8 years on Count 1.

All other terms and conditions of Parham's sentence remain in full force and effect.

**SO ORDERED.**

Signed: January 15, 2021

Kenneth D. Bell
United States District Judge