IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 5:08-CR-00051-KDB-DCK-2

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> MARCUS DWAYNE PARHAM, <br><br> Defendant. | <u>**ORDER**</u> |

**THIS MATTER** is before the Court on Defendant Marcus Dwayne Parham's motion for consideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and Amendment 821. (Doc. No. 164). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

I. BACKGROUND

In September of 2008, Parham was the passenger in a car driven by his co-defendant, Martel Mubdi, when the police pulled the car over for speeding and following too close. (Doc. No. 61 ¶ 6). A drug dog alerted to the car and officers conducted a search of the vehicle. Id. ¶ 7. During the search, officers found 290.5 grams of crack cocaine and approximately 42 grams of powder cocaine in the center console. Id. Officers also located a loaded Glock .40 caliber pistol under the driver's seat and a loaded Smith and Wesson 9mm under the passenger seat. Id. Mubdi and

Parham were subsequently arrested and searched. During that search, officers located another 30 grams of powder cocaine on Mubdi and another 28 grams of powder cocaine on Parham. *Id.*

A federal grand jury indicted Parham and Mubdi and charged them with conspiring to possess with intent to distribute powder cocaine and at least 50 grams of crack cocaine, 21 U.S.C. § 846; possessing with intent to distribute at least 50 grams of crack cocaine, 21 U.S.C. § 841; possessing a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1); and possessing a firearm as a convicted felon, 21 U.S.C. § 922(g)(1). (Doc. No. 21). The United States filed an information under 21 U.S.C. § 851, notifying Parham and this Court that it intended to seek an enhanced penalty based on Parham's prior conviction for a felony drug offense. (Doc. No. 19).

In September 2009, Parham pleaded guilty to the drug-trafficking conspiracy offense and both firearm offenses. (Doc. No. 54). The parties stipulated that at least 150 and less than 500 grams of crack cocaine were reasonably foreseeable to Parham. *Id.* ¶ 7(a).

The United States Probation Office submitted a presentence report (PSR) that calculated a base offense level of 32 based on Parham's responsibility for 290 grams of crack cocaine and 101 grams of powder cocaine. (Doc. No. 61 ¶ 16). Based on Parham's prior drug-trafficking convictions, the probation officer classified Parham as a career offender and as an armed career criminal (ACCA), resulting in an adjusted

offense level of 37[1]. *Id*. ¶¶ 30, 31. After calculating in an adjustment for acceptance of responsibility, Parham's total offense level became a 34. *Id*. ¶ 33. Based on a total offense level of 34 and a criminal-history category of VI, the resulting guidelines range was between 322 and 387 months. *Id*. ¶¶ 35, 70. Parham faced a statutory mandatory-minimum of 240 months in prison for the Section 846 offense, a mandatory-minimum term of 180 months for the felon-in-possession offense, and a consecutive term of 60 months in prison for the Section 924(c) firearm offense. *Id*. ¶ 69.

At sentencing, the Court varied downward and imposed a term of 240 months in prison for the drug-trafficking and felon-in-possession offenses and a consecutive term of 60 months in prison for the Section 924(c) firearm offense, resulting in a total aggregate term of 300 months. (Doc. No. 70). The Court explained that it had considered the sentencing disparity between powder and crack cocaine offenses, Parham's early guilty plea and willingness to testify, and the fact that one of his most serious prior convictions occurred when he was young and had no parental guidance. (Doc. No. 71, at 4). The Court also noted that the Government could have filed a Section 851 information identifying more than one predicate conviction, which would have mandated a life sentence. *Id*.

In January 2021, this Court granted in part Defendant's supplemental *pro se* motion for a reduced sentence under the First Step Act of 2018 and reduced Defendant's term of imprisonment to an aggregate sentence of 270 months followed

---

[1] Both the career offender and ACCA enhancements carried an offense level of 37.

by 8 years of supervised release. (Doc. No. 154). In December 2022, the Fourth Circuit Court of Appeals affirmed the Court's decision. (Doc. No. 162).

Defendant is a 43-year-old male serving his prison sentence at USP Hazelton in West Virginia. His current projected release date is August 29, 2028. Defendant bases his motion on his medical conditions, the circumstances regarding his sister, a change in the law under Amendment 821, and his classification as a career offender. The Government opposes the motion.

## II.     LEGAL STANDARD

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons (BOP). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

(c) Modification of an imposed term of imprisonment.—The Court may not modify a term of imprisonment once it has been imposed except that—

(1)     in any case—

(A)     the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction
...
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

18 U.S.C. § 3582(c).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582. Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *United States v. Malone*, 57 F. 4th 167, 173 (4th Cir. 2023) (internal citation omitted). "Thus, even if a movant satisfies the threshold eligibility requirement for obtaining relief, a district court has discretion to grant or deny relief based on its assessment of the salient § 3553(a) factors." *United States v. Bethea*, 54 F. 4th 826, 831 (4th Cir. 2022).

On November 1, 2023, the Sentencing Commission's proposed amendment to § 1B1.13 came into effect. *See* Amendments to the Sentencing Guidelines, U.S.S.C., 8-11 https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last accessed Nov. 2, 2023). The new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release. *See* USSG § 1B1.13; *see United States v. McCoy*, 981 F. 3d 271, 282 (4th Cir. 2020). District courts are now advised to consider the medical

circumstances of the defendant, the age of the defendant, family circumstances, whether the defendant is or has been a victim of abuse or served an unusually long sentence. §§ 1B1.13(b)(1)-(4), (6). The new Guideline also states that district courts may consider any other set of circumstances which rises to the level of gravity of the factors enumerated in the Guideline. §1B1.13(b)(5). Relevant to Mr. Parham's case, § 1B1.13(c) now states that "a change in the law … shall not be considered for purpose of determining whether an extraordinary and compelling reason exists under this policy statement."

The Sentencing Commission's new policy statement does not relieve the Court of its obligation to analyze the § 3553(a) factors. Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with ... training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

### III. DISCUSSION

Defendant claims that he suffers from high blood pressure and kidney failure. (Doc. No. 164 at 9). Defendant submitted fourteen pages of medical information which shows he was diagnosed with benign hypertension and abnormal liver function in 2010 and 2015, respectively. (Doc. No. 165 at 1). In a report dated February 24, 2023, it shows that Defendant has prescriptions for managing his blood pressure and cholesterol. *Id.* at 5. Likewise in 2023, Defendant went to the chronic care clinic and

said he had no acute complaints related to his hypertension, hyperlipidemia or osteoarthritis. *Id.* at 6. Additionally of note is the fact that in an August 2022 report, Defendant's hemoglobin A1c value was 5.8 which for someone without known diabetes is consistent with prediabetes and should be confirmed with a follow-up test and for someone with known diabetes, a value less than 7 indicates that the diabetes is well controlled. *Id.* at 11. Defendant has not suggested that these conditions "substantially diminish" his ability to provide self-care or that he requires "long-term or specialized medical care that is not being provided and that presents a risk of serious deterioration in health or death." USSG § 1B1.13(b)(1). Furthermore, his medical records do not reflect any reason to suspect that his medical conditions are sufficiently severe to constitute an extraordinary and compelling reason for compassionate release. (Doc. No. 168, Exh. 3, 4).

Defendant also claims that he needs to be released in order to provide proper care for his sister who suffers from obesity. While USSG § 1B1.13(b)(3) describes some family circumstances that may qualify as an extraordinary and compelling circumstance, a sister who needs to "get to a healthier place in [her] life" is not one of them. (Doc. No. 164 at 18). The Court does not find this to be an extraordinary and compelling reason to reduce Defendant's sentence.

Defendant contends that the Sentencing Commission's recent amendment to U.S.S.G. §4A1.1 and §4C1.1 in Amendment 821 would affect his sentence. (Doc. No. 164 at 10). Defendant had "status points" under U.S.S.G. §4A1.1 in Amendment 821 because his offense was committed while he was under a criminal sentence.

Defendant had 10 criminal history points before the addition of 2 status points. (Doc. No. 61, ¶ 48). With the removal of 1 status point (because he had 7 criminal history points or more), Defendant would have criminal history points of 11 before the addition of 1 point pursuant to USSG §4A1.1(e) because the offense occurred less than two years following his release from custody for the sentence of possession with intent to deliver cocaine. *Id*. at ¶ 50. Criminal history points of 12 equals a criminal history category V and with an offense level of 34, the amended guideline range would be 235-293. Due to the limitation provided in USSG § 1B1.10(b)(2)(A), the Court cannot impose a sentence below the already imposed sentence. Amendment 821 provides no relief to Defendant.

Defendant again objects to being classified as a career offender. He raised this issue in his prior supplemental motion to reduce sentence (Doc. No. 149) which was addressed by this Court's prior order (Doc. No. 154) and was affirmed by the Fourth Circuit in December 2022. (Doc. No. 162). The Court sees no reason to re-address this issue.

Finally, Section 3553(a) factors weigh against a reduction in sentence. The United States Probation Office has informed the Court that while incarcerated Defendant has taken numerous classes and participated in work programs but unfortunately has consistently committed disciplinary infractions with recent ones including possessing drugs/alcohol, assaulting without serious injury, and fighting. His efforts at rehabilitation do not outweigh the other Section 3553(a) factors and the danger he poses to society. Defendant's offense conduct was serious, presenting a

danger to the public by involving drugs and guns. The nature and circumstances of Defendant's offense, the Defendant's history and characteristics, the need for deterrence, the need to protect the public, and the need for just punishment also weigh against any sentence reduction for the Defendant.

The Court finds that none of Defendant's stated reasons, individually or in combination, constitute an extraordinary and compelling reason for a reduction in sentence.

**IT IS, THEREFORE, ORDERED**, that Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Doc. No. 164), is **DENIED.**

**SO ORDERED.**

Signed: June 13, 2024

Kenneth D. Bell
United States District Judge